IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| |
|---|
| FERRING PHARMACEUTICALS INC., FERRING INTERNATIONAL CENTER S.A., and FERRING B.V., <br><br> Plaintiffs, <br><br> v. <br><br> NOVEL LABORATORIES, INC. and GAVIS PHARMACEUTICALS, LLC, <br><br> Defendants. |

Civil Action No. 1:17-cv-00894-RGA

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion to Dismiss Count III Under Federal Rule of Civil Procedure 41(a)(2). (D.I. 91). The Parties have briefed the issue. (D.I. 92, 106, 109). The parties also submitted, at my request (D.I. 115), letters addressing potential equitable conditions for dismissal without prejudice. (D.I. 116, 118). For the reasons set out below, I will grant Plaintiffs' Motion without prejudice subject to their payment of Defendants' attorneys' fees and costs associated with Count III.

### I. BACKGROUND

On July 5, 2017, Plaintiffs filed this suit against Defendants alleging infringement of two Orange Book listed patents for Plaintiffs' drug Prepopik®. (D.I. 1). Plaintiffs also alleged infringement of U.S. Pat. No. 9,669,110 ("'110 Patent"), which is not listed in the Orange Book. (*Id.*). Defendants filed a motion for judgment on the pleadings for lack of subject matter jurisdiction with respect to the '110 patent on August 15, 2017. (D.I. 16). I denied that motion. (D.I. 65). Fact discovery closed on June 27, 2018. (D.I. 71). On August 29, 2018, I granted

Plaintiffs' stipulated consent judgment of noninfringement with respect to the Orange Book Patents. (D.I. 98). This left only the issue of infringement of the '110 patent for trial. (D.I. 92 at 3). Plaintiffs filed the present motion on August 20, 2018 seeking dismissal without prejudice of Count III, which asserts the '110 Patent. (D.I. 91). The Parties agree that I should dismiss Count III. (D.I. 102, 103). The only issue left for me to decide is whether the dismissal should be with or without prejudice.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Although a court must consider prejudice to the defendant, "the general rule is that such a motion should be granted liberally." *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013); *see Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc.*, 203 F.R.D. 156, 157-58 (D. Del. 2001) ("[W]hile considering the legitimate interests of both parties, the Court must bear in mind that a plaintiff's motion should be granted absent substantial prejudice to the defendant."). Factors a court should consider when determining whether dismissal will substantially prejudice a defendant include: 1) the potential duplicative expense of a second litigation; 2) the expenses already incurred by the defendant; 3) how far the current litigation has progressed; and 4) whether the plaintiff was diligent in seeking dismissal. *See Reach & Assocs., P.C. v. Dencer*, 2004 WL 253487 at *1 (D. Del. Feb. 9, 2004); *Connelly Constr. Corp. v. Travelers Cas. & Sur. Co. of Am.*, 2018 WL 3549281, at *6 (E.D. Pa. July 24, 2018).

A court may place equitable conditions on a dismissal without prejudice to ensure a defendant is not unfairly prejudiced. "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at

2

least a portion of his expenses of litigation." *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986); *see also Connelly*, 2018 WL 3549281, at *8 ("Fee-shifting is not only very common, but also often necessary to protect the nonmoving party." (citations omitted)). Moreover, "dismissal without prejudice pursuant to Rule 41(a)(2) may be conditioned upon the satisfaction of other non-monetary conditions designed to alleviate the prejudice the defendant might otherwise suffer." *McCants*, 781 F.2d at 860; *see also In re Wellbutrin XL*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) ("Courts have imposed a variety of terms and conditions, including the . . . requirement[] that the plaintiff produce documents or agree to allow discovery to be used in any subsequent action.").

## III. DISCUSSION

Defendants have spent about $225,000 defending Count III. (D.I. 116 at 3). This figure undoubtedly represents a great many attorney hours. It also represents the amount of money that will make Defendants whole in the face of a continued threat of lawsuit based on the '110 Patent. To address the prejudice Defendants face from having spent a large sum on Count III in the present litigation, I will require Plaintiffs to reimburse Defendants' reasonable costs and attorneys' fees attributable to that count. With this equitable condition, the Rule 41(a)(2) dismissal analysis favors dismissing Count III without prejudice.

*1. Potential Duplicative Expense of a Second Litigation*

The briefing does not indicate that Defendants will be prejudiced by significant duplicative expenses in potential future litigation on the '110 Patent. It is true that fact discovery, a usually expensive endeavor, closed on June 27. However, Plaintiffs note, "[T]he discovery completed to date in this litigation would be directly relevant to any potential later litigation." (D.I. 92 at 5). Moreover, expert discovery has not begun and trial preparation is far

in the future. (*Id.*). Undoubtedly, Defendants would need to duplicate some efforts in a subsequent suit on the '110 Patent but awarding fees to Defendants offsets any potential prejudice this may impose. Thus, the potential duplicative expenses of a second litigation do not weigh against dismissal without prejudice.

*2. Expense Already Incurred by Defendants*

Defendants' briefing focuses primarily on the money and effort that they have expended in the current litigation. Specifically, Defendants note that they filed a dispositive motion on the '110 Patent, engaged in mediation regarding the '110 Patent, and responded to discovery requests pertaining to the '110 Patent.[1] (D.I. 106 at 1).

Regarding discovery, Plaintiffs respond that only fifteen out of seventy-two requests for production related to the '110 Patent. (D.I. 109 at 2). Moreover, Plaintiffs note that only four out of thirty-two topics posed to Defendants' corporate witness related to Count III. Plaintiffs conclude, "[I]t seems reasonable that, in the overall litigation, Defendants spent significantly more time and resources responding to the many more requests and topics directed solely to the now-adjudicated Orange Book patents—efforts that are irrelevant to Count III." (*Id.* at 3).

Plaintiffs are likely correct that Defendants' expenses on the Orange Book patent claims were more substantial. But the fact that Defendants spent more money on something else does not offset the prejudice to Defendants caused by wasting money on an unresolved count. However, I believe Plaintiffs' reimbursement of costs associated with Count III resolves any prejudice this wasted time and money might cause to Defendants. Thus, the expenses already incurred by Defendants do not weigh against dismissal without prejudice.

---

[1] Defendants have now also endured the expense of litigating this motion and may further bear the cost of litigating the amount of their costs and fees associated with Count III.

4

### 3. Progression of Current Litigation

The litigation on the '110 Patent is in a relatively early phase, which favors dismissal without prejudice. The Parties have completed claim construction in this case. The only terms involved, however, were from the Orange Book patents. Moreover, trial was more than six months away and expert discovery had not begun when I stayed the case due to the Parties' agreement that dismissal is appropriate. (D.I. 92 at 6). Defendants emphasize that I resolved a dipositive motion in this case related to the '110 Patent. (D.I. 106 at 10-11). They argue this indicates significant progression on Count III. (*Id.*).

I agree with Plaintiffs that progression of the litigation on the '110 Patent is at an early stage. Defendants' point regarding dispositive motion practice is well-taken, but I believe reimbursing attorneys' fees and costs will be sufficient to dissipate any potential for prejudice caused by litigating that early motion. Thus, the progression of the litigation on Count III favors dismissal without prejudice.

### 4. Diligence of Plaintiffs in Seeking Dismissal

Considering the circumstances of this case, Plaintiffs were sufficiently diligent in bringing this motion to dismiss. Defendants argue that Plaintiffs' motion is "sudden" considering fourteen months of litigation and completed fact discovery. (D.I. 106 at 1). Moreover, Defendants posit that Plaintiffs' statements in their briefing on Defendants' motion for judgment on the pleadings[2] are inconsistent with Plaintiffs' present position. (D.I. 106 at 10-11).

---

[2] "[A]llowing Ferring's § 271(b) claim [on the '110 patent] will similarly save substantial resources, be more efficient, and avoid the parties and the Court having to address a potential motion for a preliminary injunction regarding the '110 patent down the road." (D.I. 25 at 16).

5

Plaintiffs, however, justify their timing and change of tune as a product of "changed circumstances:" "(1) the consent judgment on the two Orange Book listed patents, (2) Defendants' abandonment of their affirmative defense of invalidity to the '110 patent, and (3) [] Ferring's introduction of a new sodium picosulfate product that has already converted most of the market away from PREPOPIK." (D.I. 109 at 1). Considering these developments, Plaintiffs conclude, "[I]n August 2017, it made sense for the parties to litigate all three patents then in suit. A year later, proceeding on Count III alone wastes both parties' resources." (*Id.* at 5).

I largely agree with Plaintiffs. They filed the present motion shortly after a few important changes occurred in the litigation. I do not believe that the timing of their motion would offset the balance of equities if other factors favored dismissal with prejudice. However, the timing does not weigh against dismissal without prejudice.

### IV. CONCLUSION

Dismissal of Count III without prejudice would unfairly prejudice Defendants if it was unconditional. However, the briefing indicates that the prejudice to Defendants would primarily be pecuniary. This type of prejudice will adequately be offset by Plaintiffs' payment of Defendants fees and costs. Thus, I will **GRANT** Plaintiffs' motion subject to their payment of Defendants' fees and costs associated with Count III.